JAMES C. DAVIS, Director General of Railroads, Appellant, v. F. R. BARGLOFF, Appellee.

IN RE ASSIGNMENT FOR CREDITORS OF FARMERS CO-OPERATIVE COMPANY.

**ASSIGNMENT FOR BENEFIT OF CREDITORS:** Claims—Debts Due Federal Government. An indebtedness due to the government of the United States (i. e., a claim for freight accruing during the management and control of the railroads by the Federal government) is entitled to an unconditional preference in payment out of the estate of the insolvent debtor, irrespective of the law of any state or of the judgment of the courts thereof. Especially is this true in view of the personal liability of the assignee, under the Federal statutes, for the payment of such claims when notified thereof. (Secs. 6372, 6373, U. S. Comp. Stat.)

**Headnote 1:** 5 C. J. p. 1274; 14a C. J. p. 1034 (Anno.)

*Appeal from Clay District Court.*—F. C. DAVIDSON, Judge.

DECEMBER 15, 1925.

THIS case involves a claim presented to, and filed with, the assignee of an insolvent corporation. The claimant is the government of the United States, through James C. Davis, its director general of railroads. The claimant not only presented the claim, but demanded preference therefor. The claim was disallowed *in toto,* on the ground that it was filed too late. The claimant has appealed.—*Reversed.*

*Jepson, Struble, Anderson & Sifford,* for appellant.

*Gilchrist & Gilchrist,* for appellee.

EVANS, J.—The insolvent corporation made its general assignment to the defendant herein, as assignee, on or about March, 1922. Notice to creditors was published by the assignee on March 23, 1922. The claim under consideration was not filed or presented until September 28, 1922. At the time of

filing the same, the claimant filed also an application for exten-
sion of time, and made a meritorious showing of excuse for fail-
ure to file the claim within three months, as required by the
Iowa statute. The district court entered an order in October,
1922, denying the extension of time. No appeal was taken
from this order. In January following, the claimant filed a
formal application for the allowance of its claim as a preferred
claim, pursuant to the Federal statutes in such cases. This
application was resisted by the assignee, and came on for hear-
ing before the district court. Upon such hearing, the same was
refused by the district court. From such order of refusal, this
appeal is prosecuted.

That the claim presented was a valid claim against the in-
solvent at the time of the assignment is without dispute. The
ground upon which it was disallowed in the district court was
that the rights of the claimant had been adjudicated by the order
of the court in October, 1922, denying to it an extension of time.

It is manifest from the record before us that the counsel
respectively did not, at the beginning of this proceeding, fully
appreciate the rights of the United States government, through
its director general, nor that Federal authority was supreme in
the premises, and that the rights of the claimant were controlled
thereby. This attitude on the part of counsel doubtless operated
to mislead the trial court in the first instance.

The claim in question was for freight, and accrued to the
claimant when the Federal government was in possession of,
and operating, through its director general, the railroads of the
country. Under Federal laws, such a claim was an indebtedness
due the United States. *Dupont, De Nemours & Co. v. Davis,*
264 U. S. 456.

Under Sections 6372 and 6373 of the United States Com-
piled Statutes, this indebtedness became a preferred claim upon
the estate of the insolvent. Not only so, but it became the per-
sonal liability of the assignee himself, if, after notice, he failed
to pay the same out of the assets of the insolvent. Under the
cited statutes, it was enough that the claimant should give
notice to the assignee of the claim. It thereby became the duty
of the assignee to pay the same out of the assets of the insolvent.
It became likewise his privilege to so pay it, and thereby to pro-

tect himself against personal liability. It was not necessary that the claimant should have obtained or asked an extension of time for the filing of the claim; nor was it material that he did so ask for time and that his request was refused. The authority of the Federal statutes was necessarily supreme. The judicial power of the state cannot exert coercion upon the United States government, either by adjudication or otherwise. Though the district court should distribute the funds of the insolvent estate to the exclusion of this claimant, yet the assignee would remain personally chargeable with the amount thereof, under the cited statutes. In resisting the claim of preference, the assignee stands in his own light, and spurns the personal protection which the Federal statutes give him. The United States, in the exercise of its delegated power, is not subject to the judicial decrees or to the legislative enactments of any state, except of its own volition. Such volition is expressed through acts of Congress.

The claim of preference here presented was therefore valid, under the Federal statutes. It should have been allowed, both as of right in the claimant, and as a matter of protection to the assignee against personal liability. *Field v. United States,* 9 Pet. (U. S.) 182; *Beaston v. Farmers' Bank of Delaware,* 12 Pet. (U. S.) 102, at 132; *United States v. State of Oklahoma,* 261 U. S. 253, at 260; *In re Hibner Oil Co.,* 264 Fed. 667.; *Lindsey v. Miller,* 6 Pet. (U. S.) 666; *Lewis v. United States,* 92 U. S. 618; *United States v. Knight,* 14 Pet. (U. S.) 301-315; *Gibson v. Chouteau,* 13 Wall. (U. S.) 92.

The judgment of the district court is, accordingly, reversed. —*Reversed.*

FAVILLE, C. J., and ALBERT and MORLING, JJ., concur.