NORTHWESTERN JOBBERS CREDIT BUREAU, A CORPORATION, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 620.   Promulgated March 31, 1943.

*R. C. Whitley, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner mailed a notice to the Northwestern Jobbers Credit Bureau, Inc., in which he states that there is a deficiency due from Lorhn R. Miller for the calendar year 1934 in the amount of $841.23, and "inasmuch as you paid debts and/or distributed assets as fiduciary of the said Lorhn R. Miller in the amount of $348.44 without first having satisfied the debt due the United States, the latter amount, plus interest as provided by law, constituting your personal liability under section 3467, Revised Statutes of the United States, as amended, is determined for assessment against you." The Commissioner further stated in the notice: "The records of this office indicate that you were served with Proof of Claim by the United States on January 5, 1937. Information in this office shows that the Estate of Lorhn R. Miller was closed April 29, 1940 and distribution of the assets made without first satisfying the tax due to the United States from the estate."

The Northwestern Jobbers Credit Bureau filed a petition with this Court pursuant to the above notice, assigning as the only error in the determination of the Commissioner "that the funds in the hands of the petitioner herein were taken from petitioner under due operation of law." The statement of the facts may be summarized as follows: Lorhn R. Miller executed a deed of trust on June 13, 1936, pursuant to which the Northwestern Jobbers Credit Bureau took possession of his assets and proceeded to convert them into cash. It had on hand on July 17, 1940, $348.44 after deducting expenses of administration. The sheriff of Ramsey County, Minnesota, on that day levied an execution on the Northwestern Jobbers Credit Bureau under a judgment previously obtained against Miller and under that execution took $348.44, being all of the funds of Miller in the hands of Northwestern Jobbers Credit Bureau, so that the latter had then no funds to dis-

tribute to the Commissioner of Internal Revenue in payment of the tax claim. Thereafter the petitioner endeavored in vain to have Miller sign a voluntary petition in bankruptcy.

The Commissioner filed a motion asking for entry of an order that the petitioner is personally liable in the amount of $348.44 under section 3467 of the Revised Statutes, as amended, for a deficiency in income tax due from Lorhn R. Miller for the year 1934. That motion was set down for hearing on March 10, but there was no appearance for the petitioner. The Commissioner contends under his motion that the petition does not set forth a cause of action or any proper defense on the part of the petitioner. The petitioner does not contest the amount of the tax, does not deny the receipt of notice of the claim of the Commissioner on January 5, 1937, and does not deny that an assignee with notice is personally liable under section 3467. *Irving Trust Co.*, 36 B. T. A. 146; *Union Guardian Trust Co.*, 41 B. T. A. 1306; *Paulyn E. Tomfohr*, 44 B. T. A. 730. Its whole contention, in the nature of a plea in confession and avoidance, is that it surrendered all of the Miller assets in its hands under a levy on behalf of a judgment creditor of Miller. The Commissioner contends that the surrender of $348.44 under such circumstances does not relieve the petitioner of personal liability under the revised statute above mentioned.

The authorities support the contention of the Commissioner. "Where the debtor is divested of his property in one of the modes specified in the Act the person who becomes invested with the title is made trustee for the United States and bound first to pay its debt out of the debtor's property." *United States* v. *Oklahoma*, 261 U. S. 253, 260; *Beaston* v. *Farmers Bank of Delaware*, 12 Pet. 102, 133–135. The contention of the petitioner that the fact of a levy of an execution against it and payment of the debtor's remaining assets in response to said levy excuses it from personal liability to the respondent for the tax in question is untenable. Even a distribution to creditors other than the United States, made pursuant to the judgment of a court of competent jurisdiction in favor of creditors, would not relieve the petitioner from its obligation to respond to the personal trustee liability placed upon it by the provisions of the statutes giving preference to claims of the United States. *Field* v. *United States*, 9 Pet. 182, 200. In *Davis* v. *Bargloff*, 200 Iowa 1160; 206 N. W. 251, there was involved the statutory preferred claim of the United States against an assignee to whom an insolvent corporation had made a general assignment. The claim of the United States was not filed within the time prescribed in the notice to creditors and it was denied an extension of time by the district court of the state within which to file such claim. The Supreme Court of Iowa pointed out that the claim

"became a personal liability of the assignee himself, if, after notice, he failed to pay the same out of the assets of the insolvent. * * * The judicial power of the state cannot exercise coercion upon the United States Government, either by adjudication or otherwise. Though the district court should distribute the funds of the insolvent estate to the exclusion of this claimant, yet the assignee would remain personally chargeable with the amount thereof, under the cited statutes."

Accordingly, the respondent's motion is granted.

*Decision will be entered for the respondent.*